```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 17-62577-CIV-BLOOM
                            MAGISTRATE JUDGE P.A. WHITE
MOHAMMED ABDUTHABIT,

     Petitioner,

v.                                        REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,

     Respondents.
                              /
```

## I. Introduction

The petitioner, **Mohammed Abduthabit**, while confined at the Broward Transitional Center in Pompano Beach, Florida, filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). The gist of petitioner's argument is that he is being unlawfully and indefinitely detained, pending his removal to Yemen. He requests his immediate release from custody with reasonable conditions of supervision. See DE#1 at 2.[1]

This case has been referred to the undersigned for consideration and report under 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, Rule 4 may be applied to cases brought under 28 U.S.C. § 2241. Therefore, summary dismissal of a § 2241 petition is proper when the petition plainly reveals that relief is unwarranted. See Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (providing that courts may dismiss a § 2241 petition if it appears from the application that

---

[1] Unless otherwise noted, all page citations for docket entries refer to the page stamp number located at the top, right-hand corner of the page.

the person detained is not entitled to the relief requested).

## II. Background

On January 23, 2017, petitioner arrived at the San Ysidro Port of Entry in San Diego, California as a pedestrian. DE#1 at 2; DE#8-1 at 3. On August 8, 2017, an immigration judge ordered him removed. DE#1 at 1; DE#8-1 at 9. He filed the instant § 2241 petition no later than December 29, 2017. See generally DE#1. He states in his petition that he should be granted conditional release because: (1) the Yemeni government will not take action on his case; (2) he is not a flight risk or danger to the community; and (3) he has somewhere to reside upon release. See id. at 2.

## III.  Discussion

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the government has 90 days to secure the alien's removal. See 8 U.S.C. § 1231(a)(1)(A). During this removal period, the alien remains in custody. See 8 U.S.C. § 1231(a)(2). The removal period begins on the latest of the following:

>   (i) The date the order of removal becomes administratively final.
>
>   (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
>
>   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. § 1231(a)(1)(B). If the alien is not removed during

2

the 90-day period, further detention is authorized by statute. See 8 U.S.C. § 1231(a)(6). However, continued detention beyond the 90-day statutory removal period is not indefinite.

In Zadvydas, the Supreme Court concluded that 8 U.S.C. § 1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. 533 U.S. at 696-99. While an alien can be detained during the 90-day removal period contemplated by the statute, the alien can be held for only a reasonable period thereafter. Id. at 699-701. The total reasonable period of detention is presumed to be six months, unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Thus, to be granted relief under Zadvydas, a petitioner must first show that he has been detained beyond the presumptively reasonable six-month period to detain a removable alien. See id. at 699-701; see also Akinwale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th Cir. 2002) (per curiam). Second, he must "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052 (citing Zadvydas, 533 U.S. at 701).

The Akinwale court held that, to state a claim under Zadvydas, the six-month presumptively reasonable removal period must have expired at the time the alien filed his § 2241 petition. 287 F.3d at 1052. The court agreed with the magistrate judge's recommendation that the petition should be dismissed without prejudice because the alien filed it prematurely. Id.

Here, the removal period began when the immigration judge

issued the order of removal. 8 U.S.C. § 1231(a)(1)(B)(i); see also DE#1 at 1; DE# 8 at 2. The 90-day statutory removal period expired on November 6, 2017, and the additional 90-day period expired on February 4, 2018. However, petitioner filed his petition absolutely no later than its December 29, 2017 docketing date. Accordingly, because the presumptively reasonable six-month period had yet to expire when he filed his petition, it must be dismissed without prejudice.

## IV.  Conclusion

It is therefore recommended that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be denied without prejudice to petitioner's right to file a future petition alleging that his detention is unlawful under Zadvydas.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report.

SIGNED this 22nd day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Mohammed Abduthabit
209875963
Northeast Ohio Correctional Center
Inmate Mail/Parcels
2240 Hubbard Road
Youngstown, OH 44505
PRO SE

```
James Alan Weinkle
United States Attorney's Office
99 N.E. 4th Street
Suite 300
Miami, FL 33132
Email: James.Weinkle@usdoj.gov

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov
```